IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGARET FULLERTON
ROMANOV HENDERSON,

        Plaintiff,

   v.

HISTORICAL NAVAL MARITIME
FOUNDATION, THE NAVY-THE
ROYAL NAVY,

        Defendants.

No. 2:10-cv-00536 GEB KJN PS

ORDER

_____/

        Presently before the court is defendants' *ex parte* application for an extension of time to permit defendants to respond to plaintiff's complaint.[1] (Dkt. No. 3.) Defendants' response to the complaint is presently due on March 12, 2010, and defendants seek an extension of time to respond on or before May 4, 2010. Plaintiff is proceeding without counsel.

        For the reasons that follow, the undersigned grants defendants' application and orders that defendants shall have an additional fourteen days, until March 26, 2010, to answer or otherwise respond to plaintiff's complaint. In addition, defendants shall file with the court, no

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

later than March 26, 2010, a copy of all the pleadings, process, and orders that were served on them in the state action and shall also indicate in writing the date upon which defendants received or were served with plaintiff's complaint.

I.  BACKGROUND

On December 18, 2009, plaintiff filed a complaint in Sacramento County Superior Court seeking the return of property allegedly in the federal government's possession to which plaintiff claims an ownership interest.[2]  (Defs.' Notice of Removal, Ex. A, Dkt. No. 1.)  On March 5, 2010, defendants filed a notice of removal to this court, which included a copy of plaintiff's complaint.  (Id.)  However, defendants did not include with the complaint any evidence of the date that defendants received or were served with plaintiff's complaint.

Also on March 5, 2010, defendants filed the instant *ex parte* application ("Application"), seeking an additional 60 days to respond to the complaint.  (Dkt. No. 3.)  As with their notice of removal, defendants' application and the related declaration of defendants' counsel provide no evidence of when defendants received or were served with the complaint.

II.  DISCUSSION

A.  Extension of Time

Eastern District Local Rule 144(c) permits a party to file an initial *ex parte* application for an extension of time within which to respond to a complaint "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."  Defendants represent that the parties were unable to agree to a stipulation for an extension of time.  (Application at 2:16-17; Montoya Decl. ¶ 8.)  Defendants' only attempt to communicate with plaintiff regarding the stipulation, and thus avoid seeking *ex parte* relief, appears to be a single letter dated March 2, 2010—three days prior to the date defendants filed

---

[2]  Plaintiff's complaint is dated December 4, 2009, but was not filed in the Superior Court until December 18, 2009.  (See Defs.' Notice of Removal, Ex. A at 1, 3.)

2

their notice of removal and *ex parte* application. (Montoya Decl. ¶ 8.) It is not entirely surprising that defendants received no response from plaintiff before defendants filed their *ex parte* application. In the future, defendants' counsel is encouraged to contact a party from whom she seeks a stipulation with more notice, or to use a more expeditious form of communication, such as the telephone. Such actions might obviate the need to seek relief on an *ex parte* basis. Nevertheless, the undersigned will consider defendants' application.

Defendants note in their application that the applicable provisions of Federal Rule of Civil Procedure 81 direct that defendants file their answer or other response to the complaint within seven days of the filing of the notice of removal (Application at 2:2-3). See Fed. R. Civ. P. 81(c)(2)(C). The court is unable to confirm whether other provisions of Rule 81(c)(2) apply here because defendants failed to provide any indication of when they received or were served with the complaint. See Fed. R. Civ. P. 81(c)(2)(A)-(C) (providing that defendants that have not responded to a complaint prior to removal must answer or otherwise respond to a complaint within 21 days after receiving or being served with the operative complaint or seven days after the filing of the notice of removal, whichever is the longest period). Defendants' representation in the Application and accompanying declaration that they have seven days to respond to the complaint suggests that more than 21 days have passed since defendants received or were served with the complaint. (See Application at 2:2-3 (citing Montoya Decl. ¶ 5).)

Defendants request a 60-day extension of time within which to respond to the complaint, citing their need to "locate and review any files and records that may pertain to plaintiff's underlying claim in order to formulate a litigation strategy for defending against plaintiff's action . . . ." (Application at 2:4-14; Montoya Decl. ¶¶ 6-7.) Defendants note that under Federal Rule of Civil Procedure 12(a)(3), federal defendants are generally permitted 60 days from the date of service of process to respond to complaints.

Plaintiff's complaint bears a Superior Court file stamp dated December 18, 2010. (Defs.' Notice of Removal, Ex. A at 1.) Defendants' notice of removal and *ex parte* application

3

1 submission do not indicate when defendants were served with the complaint. Without more, the
2 undersigned may reasonably conclude that defendants were served on December 18, 2009, the
3 date of the Superior Court's file stamp. Thus, defendants have already had nearly 90 days to
4 locate and review documents and prepare an answer or other response to plaintiff's complaint.
5 Defendant has not demonstrated that good cause supports an extension of an additional 60 days
6 to respond to the complaint, which would afford defendants as much as 150 days to respond to
7 the complaint.

Notwithstanding the foregoing, plaintiff's complaint, which contains allegations that span large periods of time and implicate the actions of many actors, supports the grant of a modest extension of time. Accordingly, defendants are permitted an additional fourteen days to respond to plaintiff's complaint. Defendants' answer or other response to the complaint will be due March 26, 2010.

B. <u>Procedural Defects Related To Defendants' Notice of Removal</u>

Notwithstanding the grant of an extension to defendants, the undersigned is troubled that defendants' notice of removal and the accompanying exhibit do not comply with federal removal statutes. The defects relate to (a) the sufficiency of the documents submitted with defendants' notice of removal, and (b) the timeliness of defendants' notice of removal.

First, defendants' notice of removal fails to include materials required to be filed by statute. In relevant part, 28 U.S.C. § 1446(a) provides that "defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such . . . defendants in such action." 28 U.S.C. § 1446(a). Here, defendants' submission here includes a copy of the complaint filed in the Superior Court, but, as noted above, does not include copies of any process. In addition, defendants have not suggested that they received the complaint by means other than service by plaintiff.

Second, defendants' failure to indicate through documentation or by declaration

the date on which defendants received or were served with process makes it impossible for the court to evaluate the timeliness of defendants' removal. Pursuant to 28 U.S.C. § 1446(b), defendants were required to file their notice of removal within 30 days of receipt of the initial pleading setting forth the claim for relief upon which the proceeding is based. The undersigned cannot confirm the timeliness of defendants' removal.

The undersigned notes that procedural defects related to removal are waivable if not raised within 30 days of the filing of a notice of removal. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939-40 (9th Cir. 2006). In addition, the Ninth Circuit Court of Appeals has held that district courts lack authority to remand a case *sua sponte* for procedural defects. Kelton Arms Condo. Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Accordingly, the undersigned will not remand this case to the Superior Court for the apparent procedural defects described above, but will require that defendants provide the court with materials required by statute and indicate to the court the date that defendants received or were served with the complaint. If plaintiff intends to file a motion to remand this action to state court on grounds other than lack of subject matter jurisdiction, she must do so within 30 days of the defendants' filing of the notice of removal. 28 U.S.C. § 1447(c).

III. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Defendants shall have an additional fourteen days, until March 26, 2010, to answer or otherwise respond to plaintiff's complaint; and

////

////

////

////

2. Defendants shall file with the court, no later than March 26, 2010, a copy of all the pleadings, process, and orders that were served on them in the state action and shall also indicate in writing the date upon which defendants received or were served with plaintiff's complaint.

**IT IS SO ORDERED.**

DATED: March 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE